# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| Arthur R. Thorpe, | ) |
|     Plaintiff, | ) 3:16-cv-00160 JWS |
|     vs. | ) |
| Ralph V. Ertz, Jr. d/b/a Ralph Ertz Attorney at Law, and Michael Rose | ) ORDER AND OPINION |
| | ) [Re: Motion at Docket 9] |
|     Defendants. | ) |

## I. MOTION PRESENTED

At docket 9 defendants Ralph V. Ertz, Jr. d/b/a Ralph Ertz Attorney at Law and Michael Rose (collectively, "Ertz") move to dismiss the complaint of plaintiff Arthur R. Thorpe ("Thorpe") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Ertz supports his motion with a memorandum of points and authorities at docket 10. Thorpe opposes the motion at docket 16; Ertz replies at docket 17. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Ertz is the lawyer who represented Valli Vue Estates Property Owners Association ("Valli Vue") in the state small claims action it filed against Thorpe in 2014 for unpaid homeowner's association dues, late fees, and attorney's fees ("*Valli Vue I*").[1] Ertz sought and obtained a $2,533.61 default judgment, including an award of full attorney's fees ($911.50).[2] The problem with this, according to Thorpe, is that Alaska's

---

[1] Doc. 1 at 3 ¶ 10.

[2] Because the Alaska District Court's records (e.g., docket 9-2 at 1) are matters of public record, the court takes judicial notice of them. *See Lee v. City of Los Angeles*, 250 F.3d 668,

small claims court rules prohibit default judgment recipients from recovering attorney's fees that exceed "10% of the judgment or reasonable actual fees, whichever is less."[3] This 10% rule would cap Ertz's attorney's fees at $152.71. In a motion for relief from judgment filed in 2015, Thorpe asked the small claims court to retroactively apply the 10% cap. The court granted Thorpe's motion and reduced Ertz's attorney's fee award to 10% of the judgment.[4]

In this action, Thorpe asserts two causes of action under the federal Fair Debt Collection Practices Act ("FDCPA") and two causes of action under Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPCPA"). Specifically, Thorpe alleges that Ertz's pursuit of excessive attorney's fees violated 15 U.S.C. §§ 1962f (unfair or unconscionable means of attempting to collect a debt) and 1962e (false, deceptive, or misleading representations in connection with the collection of a debt) and AS 45.50.471 (unfair or deceptive acts or practices).

### III. STANDARDS OF REVIEW

**A. Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction.[5]

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual."[6] Where the defendant brings a facial attack on the subject matter of the district court, the court assumes the factual allegations in the plaintiff's complaint are true and draws all

---

688–89 (9th Cir. 2001) (quoting Fed. R. Evid. 201).

[3] Ak. Dist. Ct. R. Civ. Pro. 20(c).

[4] Doc. 1 at 3 p.17; doc. 16 at 22.

[5] *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[6] *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

reasonable inferences in the plaintiff's favor.[7] The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[8]

"With a factual Rule 12(b)(1) attack, however, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiffs' allegations."[9]

**B.    Rule 12(b)(6)**

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[10] To be assumed true, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[11] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[12] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[13]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[14] "A claim has facial plausibility when the plaintiff pleads

---

[7] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[8] *Id.*

[9] *White*, 227 F.3d at 1242 (9th Cir. 2000) (citations omitted).

[10] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[11] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[12] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[13] *Lee*, 250 F.3d at 679 (9th Cir. 2001).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[16] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[17] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[18]

Ordinarily, if "matters out side the pleadings are 'presented to and not excluded by the court,'" a Rule 12(b)(6) motion "must be treated as one for summary judgment under Rule 56" and the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion."[19] There are two exceptions to this rule, however. "First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment."[20] Second, "a court may take judicial notice of 'matters of public record.'"[21]

---

[15]*Id.*

[16]*Id.* (citing *Twombly*, 550 U.S. at 556).

[17]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[18]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

[19]Fed. R. Civ. P. 12(d).

[20]*Lee*, 250 F.3d at 688 (internal quotation omitted).

[21]*Id.* at 688–89 (quoting Fed. R. Evid. 201).

## IV. DISCUSSION

**A.** *Rooker-Feldman*

Congress has vested the United States Supreme Court with exclusive federal jurisdiction over appeals from state-court judgments.[22] "Accordingly, under what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."[23] The *Rooker-Feldman* doctrine is narrow; it applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[24]

"The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal."[25] To determine whether an action contains a de facto appeal, courts ascertain the allegedly wrongful actor: If the asserted legal wrong was committed by a state court, a de facto appeal exists; if the asserted legal wrong was "an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction."[26] "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a

---

[22] *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) (citing 28 U.S.C. § 1257).

[23] *Id.*

[24] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Lance*, 546 U.S. at 466 (The doctrine applies only "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.").

[25] *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (quoting *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir.2003)).

[26] *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Noel*, 341 F.3d at 1164).

forbidden de facto appeal only if the plaintiff *also* alleges a legal error by the state court."[27]

Ertz argues that this court lacks jurisdiction under *Rooker-Feldman* because Thorpe is asking this court to review a state court judgment. But neither of his two arguments in support of this jurisdictional attack are persuasive. First, citing *Feldman*, Ertz argues that jurisdiction does not lie because Thorpe's claims in this action are "inextricably intertwined" with determinations made by the small claims court.[28] This argument fails because, as the Ninth Circuit has explained, "[t]he 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker–Feldman* analysis.[29] If "a federal plaintiff seeks to bring a forbidden de facto appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought."[30] But this step is not triggered unless the court first finds that a de facto appeal exists.[31]

Second, Ertz cites case law from the Seventh Circuit holding that FDCPA claims are barred by *Rooker-Feldman* if the allegedly illegal relief sought by the debt collector was awarded by the state court.[32] Ertz's reliance on Seventh Circuit case law is

---

[27]*Id.* (emphasis in original) (citing *Maldonado v. Harris*, 370 F.3d 945, 950 (9th Cir. 2004); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir.2004)).

[28]Doc. 10 at 5 (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983)).

[29]*Bell*, 709 F.3d at 897.

[30]*Noel*, 341 F.3d at 1158.

[31]*Bell*, 709 F.3d at 897 ("Should the action not contain a forbidden de facto appeal, the *Rooker–Feldman* inquiry ends.").

[32]*See, e.g., Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 605 (7th Cir. 2008) ("]W]e conclude we are . . . barred from evaluating claims, such as this one, where all of the allegedly improper relief was granted by state courts."). *But see Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014) (*Rooker-Feldman* "does not bar a federal suit that seeks damages for a fraud that resulted in a judgment adverse to the plaintiff. Such a suit does not seek to

unavailing because this court is bound by contrary Ninth Circuit precedent.[33] Under Ninth Circuit case law, Thorpe's complaint must challenge an error committed by the state court for his action to be barred by *Rooker-Feldman*. Thorpe is not alleging a legal error by the state court. As Thorpe notes, he already challenged the state court judgment "by filing a motion for relief of judgment and prevailed."[34] Instead, Thorpe's complaint alleges that Ertz violated the FDCPA and the UTPCPA by attempting to collect an excessive amount of attorney's fees in *Valli Vue I*. Because the allegedly illegal act was committed by Ertz, not the small claims court, the *Rooker-Feldman* doctrine is not a bar to this court's jurisdiction.

**B.  *Res Judicata***

The doctrine of *res judicata*, which defines the preclusive effect of a judgment, is comprised of two separate doctrines known as claim preclusion and issue preclusion.[35] Claim preclusion bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."[36] Issue preclusion (otherwise known as collateral estoppel) "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior

---

disturb the judgment of the state court, but to obtain damages for the unlawful conduct that misled the court into issuing the judgment.").

[33]*Compare Kelley*, 548 F.3d at 605 *with Kougasian*, 359 F.3d at 1140 ("[F]or *Rooker-Feldman* to apply, a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief."); *Maldonado*, 370 F.3d at 950 ("The legal wrong that [the plaintiff] asserts in this action is not an erroneous decision by the state court . . . . [The plaintiff] asserts as a legal wrong 'an allegedly illegal act . . . by an adverse party.'") (quoting *Noel*, 341 F.3d at 1164). *See also Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015) (recognizing that the Seventh Circuit and Ninth Circuit disagree or at least are in tension on this topic).

[34]Doc. 16 at 15.

[35]*White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012).

[36]*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).

judgment,' even if the issue recurs in the context of a different claim."[37]  To determine the res judicata effect of a state-court judgment, federal courts apply the law of the state in which the judgment was rendered.[38]

Ertz argues that Thorpe's action is barred by claim preclusion.  Under Alaska law, claim preclusion bars a subsequent action if an earlier action resulted in "(1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[39]  The parties do not dispute that *Valli Vue I* resulted in a final judgment on the merits from a court of competent jurisdiction in a dispute between the same parties or their privies. Thus, the preclusive effect of the *Valli Vue I* judgment depends on whether that case was "about the same cause of action" as this case.

To determine whether a plaintiff's claims are about the same cause of action as a previous case in which he was a defendant, Alaska courts apply the approach set out in the Restatement (Second) of Judgments § 22(2), which

> provides that a defendant will only be barred from bringing a foregone counterclaim as a claim in a subsequent proceeding if:
> "(a) The counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court, or
> (b) The relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action."[40]

---

[37]*Id.*

[38]*See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) ("[A] federal court should determine the preclusive effect of a state court judgment [by reference] to the law of the State in which judgment was rendered.").

[39]*Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 166 (Alaska 1997).

[40]*Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1251 (Alaska 2001) (quoting Restatement (Second) of Judgments § 22(2) (1987)).

-8-

Although preclusion may be found under either § 22(2)(a) or (b), "[u]nder ordinary circumstances, Restatement § 22(2) adds little to the preclusive effect of [Alaska] Civil Rule 13(a)'s compulsory counterclaim provision."[41]

### 1. Under Alaska Civil Rule 13(a), Thorpe's current claims were not compulsory counterclaims in *Valli Vue I*

With exceptions that do not apply here, Alaska Rule of Civil Procedure 13(a) defines a compulsory counterclaim as any claim the defendant has against any opposing party "at the time of serving the pleading" that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."[42] Ertz asserts that Thorpe's UTPCPA claims were compulsory counterclaims in *Valli Vue I*, but he never applies Rule 13(a) to the facts. Instead, he merely cites the Alaska Superior Court's decision in *Mooradian v. Bishop, Marshall & Weibel, P.S.*[43]

*Mooradian* is unavailing, however, for two reasons. First, *Mooradian* did not find that the plaintiff's claims were barred because they were compulsory counterclaims in the initial action (the court specifically declined to rule on that issue).[44] Second, this court is bound by the Alaska Supreme Court's application[45] of Rule 13(a) in *Andrews v. Wade & De Young, Inc., P.C.*[46] The plaintiff in *Andrews* was a defendant in a previous action filed by its lawyers to collect unpaid attorney's fees. The former client then sued

---

[41]*Id*.

[42]Ak. R. Civ. P. 13(a).

[43]No. 3AN-15-05111CI, 2016 WL 3405169 (Ak. Sup. Ct. Feb. 16, 2016).

[44]*Id*. at *5–6.

[45]*Fid. Union Trust Co. v. Field*, 311 U.S. 169, 177 (1940) ("The highest state court is the final authority on state law.").

[46]950 P.2d 574 (Alaska 1997).

-9-

its lawyers for malpractice in a subsequent action. The Alaska Supreme Court held that the malpractice claims were not compulsory counterclaims in the first action because they had not matured until after the client filed its answer.[47] This holding is fatal to Ertz's Rule 13(a) argument.

If a party does not serve a responsive pleading, the party's compulsory counterclaims are determined as of the date of the default.[48] Here, the allegedly wrongful act occurred when Ertz applied for full attorney's fees, which happened *after* Thorpe's default. Because Thorpe's claims in this case had not matured as of the date of his default, these after-acquired claims were not compulsory counterclaims.[49]

### 2. Thorpe's current claims will neither nullify the *Valli Vue I* judgment nor impair any rights established in that action

Ertz next asserts that Thorpe's claims are barred under Restatement § 22(2)(b) because they "may only succeed if they attack the judgment of the Alaska District Court as to the issues of the attorney fee award, prevailing party status, the legal basis for the award[,] and the quantum awarded."[50] This argument is essentially the same as Ertz's *Rooker-Feldman* arguments that the court rejected above. Thorpe is attacking Ertz's pursuit of allegedly excessive attorney's fees, not the state court's decisions regarding the attorney's fee award.

---

[47]*Id.* at 577.

[48]*See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 160 (2d Cir. 1992) ("By failing to assert it in a timely responsive pleading, ELUL is now foreclosed from raising it in any subsequent proceeding—including the post-default damages inquest presently under review."); *Carteret Sav. & Loan Ass'n v. Jackson*, 812 F.2d 36, 38 (1st Cir. 1987) ("[W]hen a defendant is defaulted for failure to file a pleading, the default applies to whatever the party should have pleaded."). The court could not find any Alaska authority on point. But because Alaska Civil Rule 13(a) is substantially identical to Federal Civil Rule 13(a), federal case law interpreting the Federal Civil Rules is persuasive. *See Drickersen v. Drickersen*, 546 P.2d 162, 167 n.9 (Alaska 1976).

[49]*Andrews*, 950 P.2d at 576.

[50]Doc. 10 at 7.

Thorpe's claims will neither nullify the *Valli Vue I* judgment nor impair any rights established in that action. Much like the effect of a judgment in the plaintiff's favor in *Andrews*,[51] a judgment in Thorpe's favor would merely entitle him to damages that would offset Valli Vue's recovery in *Valli Vue I*.

**C.     The *Colorado River* Abstention Doctrine**

Under what has become known as the *Colorado River* abstention doctrine, "federal courts have discretion in 'exceptional' circumstances to stay federal court proceedings pending the resolution of a parallel state court proceeding."[52] "The '*Colorado River* test' refers to the list of factors courts consider in determining whether to invoke this exceptional prudential abstention doctrine."[53] These factors include:

> (a) the extent to which the federal legislation pursuant to which the federal suit is brought favors the state versus federal forum;
> (b) which forum offers the "greatest experience and expertise" in the particular subject-matter;
> (c) the "absence of any substantial progress in the federal-court litigation;"
> (d) the extent to which the suit involves questions or "rights governed by state law;"
> (e) "the geographical inconvenience of the federal forum;"
> (f) "the desirability of avoiding piecemeal litigation;"
> (g) "the order in which jurisdiction was obtained by the concurrent forums;" and
> (h) "the Government's previous willingness to litigate similar suits in state court."[54]

---

[51]"A subsequent successfully prosecuted malpractice action would not alter rights to damages awarded in an attorney's fee litigation dispute, and would not necessarily entitle the client to restitution. It is conceivable that the attorney's malpractice caused less injury to the client than the cost of the services rendered. In such a situation, the attorney would be able to offset the award by any amount still owed under the original judgment, but the subsequent judgment would not nullify the first judgment." *Andrews*, 950 P.2d at 579. *See also id.* at 579–80 ("[The plaintiff], if successful, would be entitled to damages caused by [the defendant's] malpractice, but would not be entitled to restitution of the attorney's fees awarded in the earlier suit.").

[52]*United States v. Davis*, 825 F.3d 1014, 1041 n.11 (9th Cir. 2016) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)).

[53]*Id.*

[54]*Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

Ertz notes that a case between Valli Vue and Thorpe is currently pending in state court ("*Valli Vue II*"), has already advanced to trial, and involves "the issues of prevailing party status, right to attorney's fees[,] and the quantum of fees to be awarded."[55] Ertz argues that these are the same legal issues that Thorpe is asking the court to resolve here, and therefore, the court should abstain from accepting jurisdiction over Thorpe's claims under the *Colorado River* abstention doctrine. Thorpe responds by asserting that the debt collection issues in *Valli Vue II* are "separate and independent" to the issues here, which relate to whether Ertz acted illegally in *Valli Vue I*.[56] Ertz does not respond in reply.

Ertz does not submit a copy of the *Valli Vue II* complaint or any other court documents showing the issues under consideration in that case.[57] Based on the current record, the court is unable to apply the *Colorado River* test to the facts of the two *Valli Vue* cases. Further, even accepting Ertz's description of the issues in *Valli Vue II*, that court is not considering whether Ertz's actions in *Valli Vue I* violated the FDCPA or the UTPCPA. Thus, the state court's eventual decision in that case will not lead to a "'comprehensive disposition of litigation,'" which is required to justify abstention.[58] In sum, Ertz has not met his heavy burden of showing that a stay or dismissal is appropriate.[59]

---

[55] Doc. 10 at 6. *See also* doc. 10-1 at 2–3, ¶¶ 5–6, 8.

[56] Doc. 16 at 17.

[57] The only evidence Ertz submitted was a declaration of counsel stating that *Valli Vue II* is an action to recover "an unpaid balance" on Thorpe's ledger. Doc. 10-1 at 2 ¶ 5.

[58] *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 982 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 817).

[59] *See Ally Bank v. Castle*, No. 11-CV-896 YGR, 2012 WL 3627631, at *3 (N.D. Cal. Aug. 20, 2012) ("[T]he party moving for a stay under *Colorado River* bears a heavy burden in justifying such an order."); *Jenkins v. City of Richmond*, No. C 08-03401 MHP, 2009 WL 35224, at *3 (N.D. Cal. Jan. 6, 2009) (same); *Oglesby v. Cty. of Kern*, No. CVF0500873RECTAG, 2005 WL 3031466, at *9 (E.D. Cal. Nov. 4, 2005) (same).

**D.     Ertz's Remaining Arguments Are Waived**

In passing, Ertz asserts that (1) "[i]f a category of damages is properly before the court, no action lies under the FDCPA for either the category or the amount sought;"[60] (2) the FDCPA requires a debtor to allege "that the claim for fees was not meritorious;"[61] and (3) this action is not ripe because "the matters still rests [sic] with the Alaska District Court that heard the trial in this case."[62] Ertz cites no authority in support to any of these arguments. They are waived.[63]

## V.  CONCLUSION

Based on the preceding discussion, the motion at docket 9 is **DENIED**.

DATED this 22nd day of December 2016.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[60] Doc. 10 at 5.

[61] *Id.* at 6.

[62] *Id.*

[63] *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

-13-