# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

Arthur R. Thorpe,

    Plaintiff,

vs.

Ralph V. Ertz, Jr. d/b/a Ralph Ertz Attorney at Law, and Michael Rose,

    Defendants.

3:16-CV-00160 JWS

ORDER AND OPINION

[Re: Motion at Docket 30]

## I. MOTION PRESENTED

At docket 30 defendants Ralph V. Ertz, Jr. d/b/a Ralph Ertz Attorney at Law and Michael Rose (collectively, "Ertz") move pursuant to Federal Rule of Civil Procedure 56 for summary judgment on all claims brought by plaintiff Arthur R. Thorpe ("Thorpe"). Ertz supports the motion with affidavits at docket 31 and 32, a memorandum of points and authorities at docket 33, and exhibits at dockets 34 through 52. Thorpe opposes the motion at docket 63 and submits a declaration in support of the opposition at docket 64. Ertz replies at docket 65. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Ertz is the lawyer who represented Valli Vue Estates Property Owners Association in the state small claims action it filed against Thorpe in 2014 for unpaid homeowner's association dues and late fees ("*Valli Vue I*").[1] After Thorpe did not

---

[1] Doc. 1 at 3 ¶ 10.

answer the complaint in that case, Ertz moved for default judgment.[2] Ertz also sought attorney's fees, asserting that the declarations of the homeowner's association permitted "full, reasonable attorney fees."[3] On August 5, 2014, a $2,533.61 default judgment was entered, which included an award of full attorney's fees of $911.50.[4]

On August 6, 2015, Thorpe moved for relief from the judgment.[5] Thorpe argued that the attorney's fee award conflicted with District Court Rule of Civil Procedure 20(a), which limits the amount of attorney's fees that may be awarded with entry of default judgment to "10% of the judgment or reasonable actual fees, whichever is less."[6] After noting that the record before it did not include the Declarations of the homeowner's association, the small claims court granted the motion and reduced the attorney's fee award to 10% of the default judgment, or $152.71.[7]

In this action, Thorpe asserts two causes of action under the federal Fair Debt Collection Practices Act ("FDCPA") and two causes of action under Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPCPA"). Specifically, in Counts I and II, respectively, Thorpe alleges that Ertz's pursuit of excessive attorney's fees violated 15 U.S.C. §§ 1962f (unfair or unconscionable means of attempting to collect a debt) and 1962e (false, deceptive, or misleading representations in connection with the collection of a debt). He raises in Count III a violation of AS 45.50.471 (unfair or deceptive acts or practices) and in Count IV derivative liability under the UTPCPA due

---

[2]Doc. 52.

[3]*Id.* at 3 ¶ 5.

[4]Doc. 35.

[5]Doc. 39.

[6]*Id.* at 2-3.

[7]Doc. 41 at 4-5.

to the FDCPA violations. Ertz now moves for summary judgment on all claims as time-barred and without merit.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[9] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10] However, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[11]

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[12] Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not present evidence to show that summary judgment is warranted; it need only point out the lack of any genuine dispute as to material fact.[13] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[14] All evidence presented by the non-movant must be believed for purposes of

---

[8]Fed. R. Civ. P. 56(a).

[9]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[10]*Id.*

[11]*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[12]*Id.* at 323.

[13]*Id.* at 323-25.

[14]*Anderson,* 477 U.S. at 248-49.

-3-

summary judgment and all justifiable inferences must be drawn in favor of the non-movant.[15] However, the non-moving party may not rest upon mere allegations or denials but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[16]

## IV.  DISCUSSION

**A.     Federal Claims (Counts I and II)**

The FDCPA was enacted to eliminate abusive debt collection practices, ensure that debt collectors who abstain from those practices are not competitively disadvantaged, and to promote consistent state action to protect consumers.[17] The FDCPA regulates interactions between consumer debtors and "debt collector[s]," defined to include any person who "regularly collects . . . debts owed or due or asserted to be owed or due another."[18] A lawyer regularly engaged in debt collection activity, even litigation, is considered a debt collector.[19] A debt collector who violates the FDCPA is liable for actual damages and additional damages not to exceed $1,000.[20] Under the FDCPA, a plaintiff must bring suit "within one year from the date on which the violation occurs."[21]

---

[15]*Id.* at 255.

[16]*Id.* at 248-49.

[17]15 U.S.C. § 1692(e).

[18]*Id.* § 1692a(6).

[19]*See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

[20]15 U.S.C. § 1692k(a).

[21]*Id.* § 1692k(d).

Thorpe filed the complaint in the instant action on July 28, 2016.[22] To survive summary judgment, Thorpe's federal claims must not have accrued prior to July 28, 2015. The record shows that Ertz moved for attorney's fees in *Valli Vue I* on July 21, 2014,[23] more than two years before Thorpe filed the instant complaint.[24] Thorpe also does not dispute that no debt collection activity occurred after July 23, 2015, when Ertz filed a final motion for Thorpe to appear at a debtor's exam.[25]

Thorpe nonetheless urges the court to apply the continuing violation doctrine to find his FDCPA claims timely. The continuing violation doctrine applies to "repeated instances or continuing acts of the same nature."[26] As applied to debt collection claims, the continuing violation doctrine permits recovery for actions outside the limitations period if they are sufficiently linked to unlawful conduct within the limitations period.[27] In support of his continuing violation theory, Thorpe points to two filings Ertz submitted in *Valli Vue I*: (1) the August 12, 2015, opposition to Thorpe's motion for relief from the judgment; and (2) the September 18, 2015, motion to reconsider the order granting

---

[22] Doc. 1.

[23] Doc. 52.

[24] Thorpe states that he does not recall receiving the July 21, 2014, service copy of Ertz's motion for attorney's fees. Doc. 64 at 2 ¶ 8. The Ninth Circuit has held that equitable tolling, otherwise known as the "discovery rule," is applicable to the FDCPA. *Magnum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939-40 (9th Cir. 2009). The discovery rule does not save Thorpe's federal claims, however, because Thorpe acknowledges that he "first discovered Defendants' unlawful conduct" on November 24, 2014, when he was served a copy of Ertz's motion for Thorpe to appear at a debtor's exam. Doc. 63 at 8-9. Thorpe was thus on notice of the basis for his FDCPA claims more than one year and eight months prior to the filing of this lawsuit.

[25] Doc. 33 at 7; Doc. 42 at 3; Doc. 63 at 7. Nor does Thorpe dispute that a judgment debtor's exam was never held. Doc. 33 at 7 n.43.

[26] *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 597 (9th Cir. 1990).

[27] *See Joseph v. J.J. Mac Intyre Cos., LLC*, 281 F. Supp. 2d 1156, 1162 (N.D. Cal. 2003) (applying the doctrine where defendant made hundreds of repeated, automated collection calls to plaintiff over an 18-month period).

relief from the judgment.[28] According to Thorpe, "[t]hese motions were continued unlawful attempts to collect an unauthorized amount in attorney's fees, were directly related to Defendants' original unlawful act of seeking an unlawful amount in attorney's fees, and they occurred less than one year before Thorpe filed the [instant] case on July 28, 2016."[29]

As an initial matter, not all courts agree that the continuing violation doctrine is applicable under § 1692k(d).[30] It is unnecessary to answer that question here because, in any event, the continuing violation doctrine is inapplicable under the facts of this case. Thorpe does not cite to any case that supports his contention that subsequent filings made in the course of litigation constitute continuing, separate violations of the FDCPA.[31] Moreover, the court is unpersuaded that the mere act of Ertz re-asserting his client's position during litigation restarted the limitations period anew.[32] The court thus finds that Thorpe's claims under the FDCPA are time-barred, and summary judgment is granted on those claims.

---

[28] Doc. 63 at 7.

[29] *Id.*

[30] *See, e.g.*, *Wilhem v. Credico Inc.*, 455 F. Supp. 2d 1006, 1009 (D. N.D. 2006) (collecting cases).

[31] *Cf. Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 936 (9th Cir. 2007) (holding that "communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the [FDCPA]" (footnote omitted)).

[32] *See Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (holding that, where the alleged FDCPA violation is the filing of a lawsuit, "the statute of limitations beg[ins] to run on the filing of the complaint"); *see also Prowell v. Cam Credits, Inc.*, No. 2:14-cv-00337-SU, 2015 WL 2239309, at *7 (D. Or. May 12, 2015) ("New communications about old claims do *not* constitute independent violations . . . and the course of debt-collection litigation, without more, is not a continuing violation of the FDCPA." (citations omitted)).

**B.    State Claims (Counts III and IV)**

The timeliness of Thorpe's state law claims are measured under the two-year statute of limitations set forth in AS 45.50.531(f). This court has, however, dismissed all federal FDCPA claims over which it had original jurisdiction.

"A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'"[33] "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[34] Consideration of these factors here weigh against continuing to exercise supplemental jurisdiction in this case. Only state-law claims remain, the case has yet to proceed to trial, and the court has not addressed or considered the factual merits of any of Thorpe's contentions. Under 28 U.S.C. § 1367(c), Thorpe's state-law claims are dismissed without prejudice to renewal in state court.[35]

---

[33] *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)).

[34] *Id.* (quoting *Carnegie-Mellon Univ. v. Cahill*, 484 U.S. 343, 350 n.7 (1988)).

[35] *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (dismissal based on declining supplemental jurisdiction over state law claims should be without prejudice).

## V. CONCLUSION

For the reasons above, the motion for summary judgment at docket 30 is **GRANTED** as to Counts I and II, and Counts III and IV are dismissed for lack of jurisdiction. The Clerk will please enter judgment for defendants,

DATED this 29th day of January 2018.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT