Clayton Walker
Alaska Law Offices, Inc.
240 E Tudor Road, Suite 230
Anchorage, AK  99503
Tel.:  (907) 375-9226
Fax:  (907) 375-9228
chwalker@aloinc.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARTHUR R. THORPE, )<br>　　　Plaintiff, )<br>)<br>vs. )<br>)<br>RALPH V. ERTZ, JR. d/b/a )<br>RALPH ERTZ ATTORNEY AT LAW )<br>and MICHAEL ROSE )<br>　　　Defendants )<br>_____ ) | CASE NO: 3:16-cv-00160-JWS<br><br>**DEFENDANTS'<br>MEMORANDUM FOR<br>ATTORNEYS' FEES** |

## MEMORANDUM FOR ATTORNEYS' FEES

Defendants move for an award of attorney's fees.  Based on FRCP11 and 15 USC 1692k Plaintiff lacked a legal basis for the suit in the first place, and brought the suit for the purpose of harassing Defendants.  This motion is filed based upon FRCP 11 as sanctions against counsel for filing frivolous pleadings or for an improper purpose.  Second, under the Fair Debt Collection Practices Act, a plaintiff who brings an FDCPA case in bad faith and for the purpose of harassment is liable for defense attorney fees.

**1.　The Court should award attorney fees to Defendants because Thorpe's counsel violated Rule 11**

Under Rule 11, an attorney, by signing the complaint, certifies:

"to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are

*Arthur R. Thorpe v. Ralph Ertz and Michael Rose*　　　　　　　　　　　　Case No. 3:16-cv-00160-JWS
Memorandum for Attorneys' Fees　　　　　　　　　　　　　　　　　　　　Page 1 of 9
Case 3:16-cv-00160-JWS   Document 71   Filed 02/13/18   Page 1 of 9

warranted by existing or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law…"

Thorpe's counsel violated both of prongs of this rule. Under either prong, the Supreme Court has directed district courts to first "consider factual questions regarding the nature of the attorney's pre-filing inquiry and the factual basis of the pleading or other paper", second to consider legal issues raised as to "whether a pleading is 'warranted by existing law or a good faith argument' for changing the law and whether the attorney's conduct violated Rule 11", and finally to exercise its discretion to tailor an appropriate sanction.[1]

As to Thorpe's counsel's pre-filing inquiry, one important factor in considering whether the attorney's pre-filing inquiry was reasonable was the length of time the attorney had before filing suit:

> "An inquiry that is unreasonable when an attorney has months to prepare a complaint may be reasonable when he has only a few days before the statute of limitations runs."[2]

Here, Thorpe's attorney sent his original FDCPA demand letter to Defendants on May 4, 2016.[3] He then waited nearly three months to file this action. That time, not to mention the time before he sent the FDCPA demand letter, was sufficient time to conduct an inquiry as to the statute of limitations and the inapplicability of the continuing violation doctrine.

The 9th Circuit states the FRCP 11 "frivolousness prong" is an objective test.[4] An attorney violates this prong even if he alleges subjective good faith.[5] If the claim is "legally unreasonable," it is sanctionable.[6] The 9th Circuit reversed a trial court failure to grant Rule

---

[1] Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)
[2] Id.
[3] See, Exhibit O to Motion for Summary Judgment, Dkt. 47 ("Your May 4, 2016 FDCPA demand letter")
[4] In re Keegan Management Co., Securities Litigation, 78 F.3 431 (9th Cir. 1996)
[5] US v. Gavilan Joint Community College Dist., 849 F.2d 1246 (9th Cir. 1988)
[6] Id.

*Arthur R. Thorpe v. Ralph Ertz and Michael Rose*  Case No. 3:16-cv-00160-JWS
Memorandum for Attorneys' Fees  Page 2 of 9
Case 3:16-cv-00160-JWS   Document 71   Filed 02/13/18   Page 2 of 9

11 sanctions when a plaintiff filed a lawsuit that "was subject to a known statute of limitations defense."[7] Other circuits similarly award Rule 11 sanctions when the complaint is barred by statutes of limitations.[8]

FRCP 11's "frivolousness prong" was not always objective. It was amended in 1983 to add the language "formed after a reasonable inquiry."[9] In discussing the change, the Advisory Committee on Rules stated the former Rule 11 failed to deter abuses. With the amendment they sought to "build [] upon and expand []" the Rule, intending "to reduce the reluctance of courts to impose sanctions … by emphasizing the responsibilities of the attorney."[10] The 9th Circuit has commented on the 1983 amendments to Rule 11: "[the] new Rule was designed to create an affirmative duty of investigation both as to law and as to fact before motions are filed. It creates an objective standard of 'reasonableness under the circumstances.'"[11]

Turning to the case at bar, Thorpe's counsel violated the "frivolousness prong" by filing a lawsuit after the known and established statute of limitations for FDCPA claims. The FDCPA has a one-year statute of limitations, clearly stated in the statute itself. The statute of limitations question in this matter wasn't even close: as the court noted in its order, "Thorpe also does not dispute that no debt collection activity occurred after July 23, 2015, when Ertz filed a final motion for Thorpe to appear at a debtor's exam."[12] Thorpe's only argument was the late raised continuing violation doctrine revival of the statute of limitations. Thorpe had a burden to plead the basis for late discovery or continuing

---

[7] Id.
[8] E.g., Dreis v. Krump Mfg. v. Intern. Ass'n of Machinists, 802 F.2d 247 (7th Cir. 1986) (reversing trial court's decision not to impose Rule 11 fees as "abuse of discretion.")
[9] Eastway Const. Corp. v. City of New York, 762 F.2d 243 (2nd Cir. 1985)
[10] Id.
[11] Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531 (9th Cir. 1986)
[12] Dkt. 68, at 6

*Arthur R. Thorpe v. Ralph Ertz and Michael Rose*  Case No. 3:16-cv-00160-JWS
Memorandum for Attorneys' Fees  Page 3 of 9
Case 3:16-cv-00160-JWS   Document 71   Filed 02/13/18   Page 3 of 9

violation; but, no facts appear in the complaint. Rather that issue was raised only in response to the motion for summary judgment.

Furthermore, as the court ruled, the continuing violation doctrine requires a party to point to some *unlawful* conduct within the statutory period. Though the apparent entire basis of Thorpe's case was that Defendants violated the FDCPA by filing litigation pleadings to combat his Rule 60 motion in the state law case, as the court pointed out, *he failed to cite any case that supports that premise*. Had Thorpe's counsel diligently researched the matter, he would have found that the controlling law in the 9th Circuit is quite clear that "communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the [FDCPA]."[13] Thorpe's counsel had a duty to inform the court that he was asserting a claim that would require a change in the law.

A reasonable attorney advising Thorpe would have done the research, discovered that communications between counsel were exempted from the FDCPA under 9th Circuit law, and calculated the FDCPA statute of limitations based on the last alleged unlawful collection action. Thorpe's attorney either did not do that, or chose to ignore the conclusion that any reasonable attorney would have reached regarding the statute of limitations analysis. This is precisely the type of frivolous case that Rule 11 is purposed with sanctioning.

FRCP Rule 11 violations do not end there. Thorpe's counsel should be sanctioned under the other prong of Rule 11 as well, because this case was brought for an improper purpose. Thorpe's counsel demanded a dismissal of the underlying litigation for counsel to

---

[13] Guerrero v. RJM Acquisitions LLC, 499 F.3d 926 (9th Cir. 2007)

*Arthur R. Thorpe v. Ralph Ertz and Michael Rose*  Case No. 3:16-cv-00160-JWS
Memorandum for Attorneys' Fees  Page 4 of 9
Case 3:16-cv-00160-JWS   Document 71   Filed 02/13/18   Page 4 of 9

avoid this needless suit. This present suit needlessly increased the expense of litigation, and unreasonably delayed resolution of the matter.

Before filing this suit, Thorpe's counsel threatened Defendants with the suit if they did not dismiss the state law case 3AN-15-09716CI against his client. The exchange was documented in a letter found at Exhibit O to Defendants' Motion for Summary Judgment.[14] Thorpe's counsel's transparent attempt to leverage personal liability against Defendants if they did not sell out their client's interests in the state law case to collect unpaid homeowner's assessments was particularly bad form. Furthermore, allowing an attorney to attempt to create a conflict of interest between a party and his counsel as a settlement negotiation ploy is bad public policy.

Even if this court declines to find that Thorpe's case was brought for an improper purpose, it has objectively needlessly increased the expense of litigation and unreasonably delayed resolution of the matter. When Thorpe filed this case, he could have filed in federal court or state court. His complaint did contain both federal and state law claims. As the federal claims have been dismissed on statute of limitations grounds and the court is declining jurisdiction on the state law claims, Thorpe's counsel is already considering filing a lawsuit in state court. While any such lawsuit would be marred with frivolity, this delay has been needless. Had he filed in state court in the first place, the past year and a half of litigation in this federal case, and the increased litigation expense resulting from it, could have been avoided. That is entirely the fault of Thorpe's counsel, so he should be taxed with Defendant's expenses in turn.

---

[14] Dkt. 47, see Dkt. 31 (attesting to the facts presented in the letter)

*Arthur R. Thorpe v. Ralph Ertz and Michael Rose*  Case No. 3:16-cv-00160-JWS
Memorandum for Attorneys' Fees  Page 5 of 9
Case 3:16-cv-00160-JWS   Document 71   Filed 02/13/18   Page 5 of 9

**2. The Court should award attorney fees to Defendants because the case was brought in bad faith and for the purpose of harassment**

Under 15 U.S.C.A. §1692k, "on a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." Rhinehart v. CBE Group, Inc., M.D.Fla.2010, 714 F.Supp.2d 1183 (Upholding Defense fee award for Plaintiff multiplying litigation, ignoring facts, failing to dismiss deficient claims and relying on boilerplate). Scroggin v. Credit Bureau of Jonesboro, Inc., E.D.Ark.2013, 973 F.Supp.2d 961, (awarding Defense fees even for motions lost because they helped establish Plaintiff's bad faith) affirmed 576 Fed.Appx. 632, 2014 WL 3973162. The court's authority to deter Plaintiff bad conduct 15 USC 1692k even extends to granting defense attorney fees if Plaintiff would have won. *See, e.g., Scroggin v. Credit Bureau of Jonesboro, Inc.*, E.D.Ark.2013, 973 F.Supp.2d 961, affirmed 576 Fed.Appx. 632, 2014 WL 3973162 (debtor stated they intended to harass the defense and did not care about damages). Tucker v. CBE Group, Inc., M.D.Fla.2010, 710 F.Supp.2d 1301 (granting defendant attorney fees for Plaintiff's boilerplate pleadings and failure to dismiss factually deficient case).

This statute has been upheld by the Supreme Court. When the plaintiff brings a FDCPA action in bad faith, the court may award attorney fees to the defendant.[15] As argued above, Thorpe's counsel threatened this federal litigation to try to force a dismissal of the underlying state court litigation. When Defendants refused his demands, Thorpe's counsel filed suit. However, Defendants obtained judgment for their client in the state court litigation and were successful in satisfying that judgment. From that point forward, Thorpe took no further action in this federal case. Had he intended to actually pursue this federal

---

[15] Marx v. General Revenue Corp., 568 U.S. 371 (2013)

*Arthur R. Thorpe v. Ralph Ertz and Michael Rose*  Case No. 3:16-cv-00160-JWS
Memorandum for Attorneys' Fees  Page 6 of 9
Case 3:16-cv-00160-JWS   Document 71   Filed 02/13/18   Page 6 of 9

case on its merits, he would have extended some effort. Instead he allowed the case to languish until the motion to dismiss for failure to prosecute and the Motion for Summary Judgment.

Second, Thorpe, by bringing this case, multiplied litigation. Thorpe's entire theory was that Defendants were not entitled to seek full attorney's fees in the first state court lawsuit against Thorpe. However, the issue of whether the Homeowners' Association governing documents permitted actual attorney fees was already being litigated in the then-pending second state court lawsuit. Thorpe attempted to gain a second bite at the apple, spreading the issue to a second venue.

**3.     Under either authority, Thorpe is liable for full reasonable attorney fees**

Thorpe's counsel's conduct has directly led to Defendants having to defend the current case. The appropriate sanction is to pay Defendants' full actual attorney fees. Invoices detailing those fees are attached as exhibits to this motion.

**Federal Lodestar Attorney Fee Analysis**

A district court must calculate awards for attorneys' fees using the "lodestar" method. *Ferland,* 244 F.3d at 1149 n. 4. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (quoting *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir.1996) (internal quotation marks omitted)); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

The district court's obligation is to calculate "reasonable" fees "according to the prevailing market rates in the relevant community," *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), and that the rates of attorneys practicing in the forum district are generally used. *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir.1992); S*ee*

*Arthur R. Thorpe v. Ralph Ertz and Michael Rose*  Case No. 3:16-cv-00160-JWS
Memorandum for Attorneys' Fees  Page 7 of 9
Case 3:16-cv-00160-JWS   Document 71   Filed 02/13/18   Page 7 of 9

*also, Blum,* 465 U.S. at 895 n. 11, 104 S.Ct. 1541 (The district court's obligation is to determine a "reasonable" rate, that is, one that is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."); *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933.

This motion is supported by the affidavit of counsel. The actual attorney fees incurred in defending the claims on behalf of Rose and Ertz were $13,419.00. That amount has been billed through 31 December 2017 and paid through 25 Jan 2018.

Counsel used two attorneys, a senior attorney with twenty-five years' experience to manage the matter and provide strategy and direction. We used a junior attorney with three years of experience for research and initial drafting. Despite the client's being attorney none of their time was billed, even though they contributed effort to reduce the time necessary to defend the matter.

Counsel's normal billing rates for litigation legal matters is $300.00 per hour for senior attorney and $225.00 per hour for the junior attorney. Paralegal time was billed at $90.00 per hour. When a conference occurred between the senior attorney and either the junior attorney or paralegal, only time for one individual was charged to the client. These have been the same legal rates counsel has used for the past twelve years. Counsel discounted the normal billing rates for this matter to $250.00 per hour for senior counsel and $200.00 per hour for the junior attorney.

Counsel has practiced in the State of Alaska for eighteen years. He has had the occasion of defending FDCPA claims on his own behalf using outside counsel. The rates charged by other counsel in this market place for these types of matters is presently $300.00

*Arthur R. Thorpe v. Ralph Ertz and Michael Rose*  Case No. 3:16-cv-00160-JWS
Memorandum for Attorneys' Fees  Page 8 of 9
Case 3:16-cv-00160-JWS   Document 71   Filed 02/13/18   Page 8 of 9

per hour.  The amount charged in this matter is the lowest cost for defending an FDCPA matter for a year that resulted in a defense dismissal.

Counsel prepared contemporaneous time records for effort expended on this matter. Invoices were prepared from the contemporaneous time records entered into the firm billing system.  Those amounts were billed to the client and have been paid.  The records reflect the time expended responding to and moving this matter to final resolution.

RESPECTFULLY SUBMITTED this 13th day of February 2018 in Anchorage, AK

ALASKA LAW OFFICES, INC.

BY   /S/
Clayton Walker, Alaska Bar No. 0001002

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February 2018
a true and correct copy of this document
was served via Electronic Filing:

Daniel Pace
Pace Law Offices
101 E. 9th Avenue, Suite 7A
Anchorage, AK 99501

By:_____/S/_____
       Clayton Walker, Jr.
       Attorney

*Arthur R. Thorpe v. Ralph Ertz and Michael Rose*  Case No. 3:16-cv-00160-JWS
Memorandum for Attorneys' Fees  Page 9 of 9
Case 3:16-cv-00160-JWS   Document 71   Filed 02/13/18   Page 9 of 9